UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| 2324 TICE VALLEY LAND TRUST DATED MAY 23, 2012, | Case No. 26-cv-02813-LB |
| Plaintiff, | |
| v. | **ORDER ADDRESSING JURISDICTION** |
| ALISE MALIKYAR, et al., | Re: ECF No. 17 |
| Defendants. | |

**INTRODUCTION**

Plaintiff 2324 Tice Valley Land Trust, a Nevada land trust suing through its trustee, asserts that it owns a Walnut Creek residence. It alleges that the defendant, Alise Malikyar — individually and as trustee of the Malikyar Revocable Living Trust — fabricated a series of trust instruments to make herself the trustee of the plaintiff trust, moved the Walnut Creek property into her own trust, submitted the instruments in her Contra Costa County divorce case to obtain a ruling that her trust owned the property, and thereafter recorded a $2 million deed of trust against the property in favor of her former attorney.[1] A Nevada state court has since declared the

---

[1] Verified Compl. – ECF No. 4 at 2–6 (¶¶ 1–4, 8–11, 15–18, 20–21, 25–26, 28). Some of the paragraphs of the complaint are misnumbered. The court refers to ¶¶ 8–11 as they appear on the third page of the complaint. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 26-cv-02813-LB

fabricated documents void.[2] In the complaint, the plaintiff claims (1) negligence, gross negligence, or fraud, (2) quiet title, (3) slander of title, (4) cancellation of instruments, and (5) "identity theft."[3]

Despite being served personally with the complaint, the defendant failed to appear or otherwise defend the case. The plaintiff moved for, and the Clerk of Court entered, default as to the defendant both individually and as trustee of the Malikyar Revocable Living Trust.[4] The plaintiff then moved for default judgment under Federal Rule of Civil Procedure 55(b).[5]

Before entering a default judgment, the court must determine whether it has subject-matter jurisdiction. The plaintiff asserts only diversity jurisdiction under 28 U.S.C. § 1332(a).[6] But it failed to adequately plead the citizenship of either the plaintiff trust or the defendant. The record suggests California ties on the plaintiff's side; the trustee and named beneficiary list California addresses, which would destroy diversity with the California defendant.[7] Because there is no showing that the court has diversity jurisdiction, the motion for default judgment cannot be granted. There are also issues about the court's jurisdiction to vacate the state-court judgment.

Also, all parties (including non-appearing parties) must consent to magistrate-judge jurisdiction under 28 U.S.C. § 636(c)(1) before the court can issue a dispositive order. *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017). If the defendant does not appear, then the case will be referred under the court's operating procedures via a report and recommendation for determination by an Article III judge. To address the legal issues before that reassignment, the plaintiff may show cause by July 23, 2026, why the case should not be dismissed for lack of jurisdiction.

---

[2] *Id.* at 4 (¶ 16); *Id.* Ex. 3 at 32 (Judgment, *2324 Tice Valley Land Trust v. Malikyar*, No. CV24-00722 (Nev. 2d Jud. Dist. Ct., Washoe Cnty.)).

[3] *Id.* at 8–11 (¶¶ 42–65).

[4] Mot. – ECF No. 11; Entry of Default – ECF No. 12.

[5] Mot. – ECF No. 17.

[6] Verified Compl. – ECF No. 4 at 2 (¶ 8).

[7] *Id.* Ex. 1 at 18 (2324 Tice Valley Land Trust Agreement).

ORDER – No. 26-cv-02813-LB                    2

**STATEMENT**

## 1. The Parties

The plaintiff is 2324 Tice Valley Land Trust, a Nevada land trust in Reno, Nevada. It owns the residence at 2324 Tice Valley Boulevard in Walnut Creek, California (via a grant deed on May 23, 2012). It sues through its trustee, Michele Barbara.[8] Defendant Alise Malikyar resides in Walnut Creek, California, and is the trustee of the Malikyar Revocable Living Trust.[9]

## 2. The Allegedly Fabricated Trust Instruments and State-Court Proceedings

In August 2021, the defendant allegedly fabricated and recorded three trust instruments: (1) a certification of trustee; (2) an affidavit of change of trustee, with an attached amendment to trust; and (3) a trust-transfer deed. These documents purported to make the defendant the trustee of the plaintiff trust and to convey the Walnut Creek residence to the Malikyar Revocable Living Trust.[10] In the divorce case in 2022 (where the plaintiff trust was not a party), the trust instruments were introduced, and the Contra Costa County family court ruled that the property belonged to the Malikyar trust.[11]

On April 11, 2024, the plaintiff trust, through its trustee Michele Barbara, sued the defendant in Washoe County, Nevada, alleging that the 2021 trust instruments were invalid.[12] In June 2025, after the defendant defaulted, the Washoe County court entered default judgment against the defendant. The court held that the 2021 trust instruments were declared void, supporting a finding that the defendant was negligent, grossly negligent, or committed fraud when she executed the instruments.[13] After the Washoe County judgment was issued and recorded in Contra Costa

---

[8] *Id.* at 3 (¶¶ 8, 11), 13 (signed verification). The trustee's name is spelled inconsistently as "Michele Barbara" and "Michelle Barbara." *See id.* Ex. 3 at 30. The signed verifications use "Michele Barbara."

[9] *Id.* at 3 (¶¶ 9–10).

[10] *Id.* at 3–4 (¶ 15), 6 (¶ 32).

[11] *Id.* at 2 (¶ 4), 4 (¶¶ 17–20); *id.* Ex. 5 at 96 (Statement of Decision, *Malikyar v. Jacobsen*, No. MSD20-03656 (Contra Costa Super. Ct.).

[12] *Id.* at 4 (¶¶ 16, 21).

[13] *Id.* at 5 (¶¶ 23, 25); *id.* Ex. 3 at 30–32 (Judgment, *2324 Tice Valley Land Trust v. Malikyar*, No. CV24-00722).

County, the plaintiff alleges that defendant and her attorney, Paula Grohs, created and recorded a $2 million deed of trust on the property in Grohs's favor.[14]

### 3.  Default-Judgment Motion

The plaintiff asks the court to (1) quiet title to the property and declare that the plaintiff trust owns the property, (2) cancel the three 2021 trust instruments and declare the documents negligent, grossly negligent, or fraudulent, (3) declare the deed of trust to Grohs void and as fraud under state criminal statutes, (4) evict the defendant from the property, (5) vacate the Contra Costa County family court judgment that the property is owned by the defendant's trust, and (6) award compensatory and punitive damages and attorney's fees and costs.[15] The plaintiff served the defendant personally.[16] After the defendant did not appear, the plaintiff moved for, and the Clerk's Office granted, entry of default.[17] The plaintiff then moved for default judgment.[18] It did not serve the defendant with notice of the hearing date.[19] The court held a hearing on July 2, 2026. The plaintiff consented to the undersigned's jurisdiction.[20]

### ANALYSIS

Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court for — and the court may grant — a default judgment against a defendant who has failed to plead or otherwise defend an action. After entry of default, well-pleaded allegations in the complaint regarding liability and entry of default are taken as true, except as to damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The court need not make detailed findings of

---

[14] *Id.* at 5 (¶¶ 22, 28).

[15] *Id.* at 12–13 (prayer, ¶¶ 1–9, 67). There is a numbering error in the prayer for relief.

[16] Proof of Serv. – ECF No. 10 at 1–2.

[17] Mot. – ECF No. 11; Entry of Default – ECF No. 12.

[18] Mots. – ECF Nos. 13, 17.

[19] *See id.* (no proofs of service).

[20] Consent – ECF No. 9.

United States District Court
Northern District of California

fact. *Id.* "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). The decision to grant or deny a default judgment lies within the court's discretion. *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986).

> In deciding whether to enter a default judgment, the court considers seven factors:
>
> > (1) [T]he possibility of prejudice to the plaintiff; (2) the merits of [the] plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (cleaned up).

Before entering default judgment, a court must determine whether it has subject-matter jurisdiction over the action and personal jurisdiction over the defendant. *In re Tuli*, 172 F.3d 707, 712–13 (9th Cir. 1999). A court must also ensure the adequacy of service on the defendant. *Timbuktu Educ. v. Alkaraween Islamic Bookstore*, No. C 06–03025 JSW, 2007 WL 1544790, at *2 (N.D. Cal. May 25, 2007).

The defendant was served personally.[21] The issue is diversity jurisdiction. 28 U.S.C. § 1332(a). The $75,000 amount in controversy is met, leaving citizenship. For diversity purposes, citizenship is controlled by domicile, not residence. 28 U.S.C. § 1332(a); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "For purposes of jurisdictional diversity, '[a] trust has the citizenship of its trustee.'" *Am. Gen. Life Ins. Co. v. Hart*, No. 16-CV-03904-LB, 2017 WL 130241, at *1 (N.D. Cal. Jan. 13, 2017) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)).

The complaint never alleges the citizenship of Michele Barbara. The record shows a California trustee (with an address in Vallejo, California) and a California beneficiary (Equitec Corporation)

---

[21] Proof of Serv. – ECF No. 10 at 1–2.

with an address in Lafayette, California.[22] If any trustee is a California citizen, that destroys jurisdiction. The plaintiff has not carried its burden to establish jurisdiction.

A second issue is the court's jurisdiction to grant the plaintiff's collateral attack on a state-court judgment. The *Rooker-Feldman* doctrine bars de facto appeals by state-court losers complaining about state-court judgments; the remedy is an appeal to the U.S. Supreme Court. 28 U.S.C. § 1257; *Lance v. Dennis*, 546 U.S. 459, 463–64 (2006) (per curiam); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *Fowler v. Guerin*, 899 F.3d 1112, 1119 (9th Cir. 2018). The trust alleges that it was not a party to the Contra Costa County divorce proceedings.[23] That might allow the case to proceed if diversity jurisdiction were established, there is in fact no *Rooker-Feldman* issue, and all necessary parties were joined. (For example, the relief is directed at recorded judgments.) The court cannot tell on this record. There is also a separate jurisdictional question of whether a federal court can rule on an issue arising from a divorce proceeding. *See Howard v. Howard*, No. C-95-3234 MHP, 1995 WL 630004, at *1 (N.D. Cal. Oct. 2, 1995) ("Federal courts do not have the power to adjudicate issues of divorce, alimony or child custody, which are areas traditionally reserved to state courts.").

Another issue is service of the motion for default judgment on the defaulting defendant. Federal Rule of Civil Procedure 55(b)(2) requires notification of the motion for default judgment only on defaulting defendants who have "appeared." If a defendant has not formally appeared, but nonetheless has been in contact with the plaintiff and has made clear that she intends to defend herself, that can constitute an "informal" appearance such that notice of a motion for default judgment should be made. *See In re Roxford Foods, Inc.*, 12 F.3d 875, 880 (9th Cir. 1993) (informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit). In any event, it is the practice of the District to require service of motions for default judgment. Here, there was an attorney involved. There

---

[22] 2324 Tice Valley Land Trust Agreement, Ex. 1 to Verified Compl. – ECF No. 4 at 16–18.
[23] *Id.* at 2 (¶ 4).

presumably are mail and email addresses available. Service must be made at least by these means, and proofs of service must be filed.

## CONCLUSION

The court sets a status hearing for August 6, 2026, at 9:30 a.m. The plaintiff must show cause by July 23 why the case should not be dismissed for lack of jurisdiction and (by that date) must file a proof of service on the defendant of its default-judgment motion and this order.

**IT IS SO ORDERED.**

Dated: July 2, 2026

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California